# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| PATRICIA COSTANZO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-418 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Michael J. Astrue's, Commissioner of the Social Security Administration ("Commissioner"), Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. # 23]. The Commissioner challenges the findings and conclusions in the Memorandum and Recommendation [Doc. # 22] issued by the Magistrate Judge on March 5, 2009, recommending the reversal and remand of the Commissioner's decision denying disability benefits to Plaintiff Patricia Costanzo ("Costanzo").

The Commissioner's Objections are deemed timely filed. *See* 28 U.S.C. § 636(b)(1). The district court must make a "*de novo* determination of the objections" raised by the parties. *See, e.g., Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

The Court has reviewed the Memorandum and Recommendation and the Commissioner's Objections, Costanzo's Reply to Defendant's Objections as well as made a *de novo* review of the Memorandum and Recommendation and specified proposed findings or recommendations to which objection is made. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 855 (5th Cir. 1991).[1]  For the reasons set forth below, the Court concludes the Memorandum and Recommendation of the Magistrate Judge should be adopted in part, and overruled in part, in response to the Commissioner's objections, which are sustained in part and denied in part.

## I.      JURISDICTION LIMITED TO REVIEW OF "FINAL" DECISION OF APPEALS COUNCIL

The Court's review of administrative determinations is narrowly prescribed. The Court's jurisdiction is limited to reviewing the "final decision" of the Appeals Council. *See* 42 U.S.C. § 405(g).  Here, the Commissioner contends that the Magistrate Judge erroneously identified the point at which the Commissioner's decision became final.  On June 8, 2007, the Appeals Council denied Costanzo's request for review of the ALJ's decision, making the ALJ's decision the final decision

---

[1] "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).  "Parties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court." *Id*. at 410 n.8; *accord United States v. Carrillo-Morales*, 27 F.3d 1054, 1061 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).

of the Commissioner. (R. 52-56). On June 14, 2007, Costanzo's representative forwarded a psychological evaluation, Psychiatric Review Technique Form, and Medical Source Statement from psychologist Mark Lehman, Ph.D. (R. 4-6, 33-51). In a letter dated July 5, 2007, Administrative Appeals Judge Dorothea Lundelius acknowledged that the Council had received and apparently considered these post-hearing submissions:

> We considered the report of a psychological evaluation dated April 30, 2007 as well as the Psychiatric Review Technique Form and the Medical Source Statement dated May 8, 2007 from Dr. Mark Lehman submitted along with your letter dated June 14, 2007. We also considered the treatment records that you submitted from UTMB Galveston dated February 25, 2003 through April 26, 2007. In addition, we considered the contentions raised in your letter dated June 14, 2007. We find that neither the new evidence nor the contentions provide a reason under our rules to reopen and change the decision. This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in this case.
>
> Under our rules, you do not have the right to court review of our denial of your request for reopening.

(R. 73-74). Because, however, Administrative Appeals Judge Lundelius declined to reopen the Appeals Council's June 14, 2007 decision, the post-hearing submissions cannot be considered by this Court on the merits. The Court cannot create jurisdiction when none exists. The decision by the Appeals Council not to reopen a case is nonreviewable and precludes this Court's subject matter jurisdiction. *See Robertson v. Bowen*, 803 F.2d 808, 810 (5th Cir. 1986) (citing *Califano v. Sanders*, 430 U.S. 99, 107-08 (1977)). As such, the Commissioner's objections in this respect are sustained.

## II.     ALJ's DUTY TO FURTHER DEVELOP THE RECORD

The Commissioner also objects to the Magistrate Judge's determination that the ALJ erred by discounting the statements on a form completed by Costanzo's treating physician, Thomas Pfeil, M.D. ("Dr. Pfeil").  (R. 274-275).  The Commissioner contends that Dr. Pfeil's treatment notes do not mention a diagnosis of depression. (R. 190-191, 249-251, 254-255, 261, 264, 267-268, 272-273).  The Commissioner argues that the ALJ accordingly did not err in discounting Dr. Pfeil's opinion that Costanzo suffered from that condition.  *See* Doc. # 23, at 4-5.

The Court is unpersuaded by the Commissioner's contentions here. The Court agrees with the Magistrate Judge's finding that the ALJ breached his duty to fully and fairly develop the record regarding Costanzo's depression. *See* Doc. # 22, at 19.  In a disability report dated October 2004, Costanzo noted that since September 2004, she had a new physical or mental limitation as a result of her illness. (R. 123).  Costanzo wrote, "Due to the problems of liver it has put me into a state of depression." (R. 123, 127). In a remarks section, Costanzo elaborated as follows:

> Knowing that Dr. Patel had said I would need a new liver within 2 years and that date closing in on me has made my life hard to be an active person.  My sleeping pattern is all messed up.  Due to the enlarged liver it puts pressure on my inner organs creating super pain in my stomach area.  Unable to take any type of pain medication due to liver not able to process properly.  The longer it takes the worse I feel.  I need to get on Medicare before I can even get on the liver list.  I think it's a sad situation that due to the fact I have no medical coverage that this great country of ours will just let me die.  It has gotten me to the point of complete depression (having two children 3 yrs. & 2 yrs.).  I am only 35 yrs. old

>[and have] never drank in my life. Please help me and my family continue to have a normal life.

(R. 136).

On August 16, 2006, Dr. Pfeil stated in response to interrogatories that while he was the attending physician for Costanzo from February 25, 2003, to September 21, 2004, Costanzo suffered from depression. (R. 274-275). Dr. Pfeil noted that her depression causes "fatigue, decreased interest in activities, increased sleep, and withdrawal." (R. 274). He further reported that his findings were based on clinical observations during telemedicine visits during his 18-month care of Costanzo. (R. 274).

In addition, in September 2006, at the administrative hearing, Costanzo and her husband testified about her depression, noting that she cried a lot, had become moody, had difficulty sleeping, felt tired and sleepy, and lacked interest in activities. (R. 287, 289-290, 294-295). Costanzo's counsel asked the ALJ twice at the hearing to order a psychological examination of Costanzo to determine the extent of her depression. (R. 282, 298). The ALJ, however, failed to do so. Instead, the ALJ questioned the veracity of Costanzo's depression because she had not received treatment from a specialist. (R. 70, 282).

The Court adopts the Magistrate Judge's reasoning [Doc. # 22, at 19-21] that Dr. Pfeil's interrogatory answers, together with hearing testimony from Costanzo and her husband about the profound impacts of depression on her daily life, were sufficient

to trigger the ALJ's duty to further develop the record.  *See Brock v. Chater*, 84 F.3d 726, 728 (5th Cir. 1996); *see also Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1996); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984).  Because the ALJ failed to satisfy his duty, his decision to deny benefits is not substantially justified.  *See Boyd v. Apfel*, 239 F.3d 698, 708 (5th Cir. 2001).

Furthermore, the Court concludes that the Magistrate Judge correctly found that the ALJ failed to consider each of the § 404.1527(d)(2) factors before declining to give any weight to the opinion of Costanzo's treating physician, Dr. Pfeil, regarding her depression.  *See* Doc. # 22, at 20.  Because the ALJ failed to perform the necessary detailed analysis, remand for proper consideration is warranted on this ground alone.  *See Newton*, 209 F.3d at 455-456.

Similarly, the ALJ failed to comply with SSA regulations that require that cases in which a mental impairment is asserted, as here, be put through a multi-step evaluative procedure called the "special psychiatric review technique."  *See* 20 C.F.R. § 404.1520a.  Here, as the Magistrate Judge concluded [Doc. # 22, at 19 n. 12], the ALJ erred as he neither attached a psychiatric review technique form to his decision nor incorporated the required analysis and/or findings in his decision.  *See Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005) ("where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ

to complete a PRTF, append it to the decision, or incorporate its mode of analysis into his findings and conclusions").

In sum, the ALJ failed to fully and fairly develop the record in this case as it relates to Costanzo's depression as well as failed to follow the Commissioner's own regulations related to discounting a treating physician's opinion and completing a PRTF. It is therefore

**ORDERED** that Commissioner's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. # 23] are **GRANTED IN PART** and **DENIED IN PART**. It is further

**ORDERED** that the Memorandum and Recommendation [Doc. # 22] is **ADOPTED** as this Court's Memorandum and Order, as supplemented. It is further

**ORDERED** that Costanzo's Motion for Summary Judgment [Doc. # 13] is **GRANTED**. It is further

**ORDERED** that the Commissioner's decision denying Costanzo disability benefits is **REVERSED** and **REMANDED,** pursuant to "sentence four" of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to the Commissioner for a new hearing to properly consider the severity of Costanzo's depression.

**SIGNED** at Houston, Texas, on this the 31st day of March, 2009.

                                        Nancy F. Atlas
                                    United States District Judge